JRS:MPM
F. #2022R00813

**FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
* JULY 18, 2025 *
BROOKLYN OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ARON BICHLER,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

INDICTMENT

Cr. No. **25-CR-237**
(T. 18, U.S.C., §§ 981(a)(1)(C),
982(a)(2)(A), 982(b)(1), 1028A(a)(1),
1028A(b), 1028A(c)(5), 1341, 1344,
1349, 2 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

**Judge Bran M. Cogan
Magistrate Judge Peggy Kuo**

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1. On March 13, 2020, the President of the United States declared that the ongoing Coronavirus Disease 2019 ("COVID-19") pandemic was of sufficient severity and magnitude to warrant an emergency declaration for all states, tribes and territories, and the District of Columbia, pursuant to Section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. §§ 5121-5207 (the "Stafford Act").

2. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act was signed into law. In light of the ongoing health crisis related to COVID-19, the CARES Act allocated additional unemployment benefits for eligible individuals. Specifically, the CARES Act established additional unemployment insurance programs, including the Pandemic Unemployment Assistance program and the Federal Pandemic Unemployment Compensation program. Both programs were federally funded and were

administered by states, including New York and California. In New York, the New York Department of Labor ("NY DOL") operated the unemployment system and distributed unemployment benefits through the New York State Unemployment Insurance Fund. In California, the California Employment Development Department ("CA EDD") operated the unemployment system and distributed unemployment benefits through the California Unemployment Insurance Trust Fund.

3. Individuals could apply for NY DOL or CA EDD benefits online, by phone or, in some instances, by mail or fax. If the claim was accepted, the claimant was required to establish, on a weekly or bi-weekly basis, his or her continued eligibility for unemployment benefits. The claimant could complete this recertification process by answering a series of questions on a website, through a call center or by mail.

4. Bank-1, an entity the identify of which is known to the Grand Jury, was a bank headquartered in Cleveland, Ohio, with deposits insured by the Federal Deposit Insurance Corporation ("FDIC"). The NY DOL used Bank-1 accounts to fund unemployment benefits. Bank-2, an entity the identity of which is known to the Grand Jury, was a bank headquartered in Charlotte, North Carolina, with deposits insured by the FDIC. The CA EDD used Bank-2 accounts to fund unemployment benefits. Both Bank-1 and Bank-2 were "financial institution[s]," as defined in Title 18, United States Code, Section 20. Both Bank-1 and Bank-2 issued some claimants debit cards to which unemployment benefit payments were credited.

5. In or about and between May 2020 and April 2021, the defendant ARON BICHLER, together with others, engaged in a scheme to fraudulently obtain funds from NY DOL and CA EDD for unemployment benefits by submitting and causing to be submitted false and fraudulent unemployment claims.

6. As part of the scheme, the defendant ARON BICHLER, together with others, used the personal identifying information ("PII"), including names, dates of birth and Social Security numbers, of different, real individuals, including individuals who did not consent to the use of their information in this manner (the "Victims").

7. Using the Victims' PII, the defendant ARON BICHLER, together with others, created or caused to be created fraudulent NY DOL and CA EDD unemployment benefit accounts and thereby caused NY DOL and CA EDD to load benefit funds onto debit cards issued by Bank-1 and Bank-2 in the names of the Victims. The addresses associated with the accounts, which were provided by BICHLER and his co-conspirators, were addresses controlled by BICHLER and his co-conspirators, including addresses in the Eastern District of New York and elsewhere. Relying on the fraudulent unemployment benefit applications, Bank-1 and Bank-2 sent debit cards, via the United States mail, to BICHLER and his co-conspirators. For example:

(a) On or about July 20, 2020, at approximately 6:20 p.m. EDT, BICHLER, together with others, created or caused the creation of a fraudulent CA EDD unemployment benefit account in the name of John Doe 1, an individual whose identity is known to the Grand Jury, using John Doe 1's name, date of birth and Social Security number. Bank-2 sent by mail a debit card to the mailing address associated with the account, which was controlled by BICHLER, and in the Eastern District of New York (the "Address"). On or about September 1, 2020, the BICHLER, together with others, requested or caused to be requested that Bank-2 send a one-time-password ("OTP") to a phone number used by BICHLER (the "Phone Number").

(b) On or about July 20, 2020, at approximately 7:17 p.m. EDT, BICHLER, together with others, created or caused the creation of a fraudulent CA EDD

unemployment benefit account in the name of John Doe 2, an individual whose identity is known to the Grand Jury, using John Doe 2's name, date of birth and Social Security number. Bank-2 sent by mail a debit card to the mailing address associated with the account: the Address. On or about September 2, 2020, BICHLER, together with others, requested or caused to be requested that Bank-2 send an OTP to the Phone Number.

(c)     On or about July 20, 2020, at approximately 7:24 p.m., BICHLER, together with others, created or caused the creation of a fraudulent CA EDD unemployment benefit account in the name of Jane Doe 3, an individual whose identity is known to the Grand Jury, using Jane Doe 3's name and Social Security number. Bank-2 sent a debit card to the mailing address associated with the account: the Address. On or about September 2, 2020, BICHLER, together with others, requested or caused to be requested that Bank-2 send an OTP to the Phone Number.

8.     The defendant ARON BICHLER, together with others, also caused the transfer of unemployment benefits fraudulently claimed in the names of Victims into a personal bank account in BICHLER's name (the "Account"). For example:

(a)     Over $26,000 in unemployment benefits was loaded onto the fraudulently obtained debit card in the name of John Doe 1, and misappropriated by BICHLER and his co-conspirators, including at least $1,700 which was directly transferred into the Account.

(b)     Over $26,000 in unemployment benefits was loaded onto the fraudulently obtained debit card in the name of John Doe 2, and misappropriated by BICHLER and his co-conspirators, including at least $800 which was directly transferred into the Account.

(c) Over $26,000 in unemployment benefits was loaded onto the fraudulently obtained debit card in the name of Jane Doe 3, and misappropriated by BICHLER and his co-conspirators, including at least $5,000 which was directly transferred into the Account.

9. As a further part of the scheme, the defendant ARON BICHLER, together with others, fraudulently created or caused the creation of NY DOL and CA EDD unemployment benefit accounts in the name of BICHLER and his co-conspirators. In some instances, BICHLER, together with others, created or caused the creation of multiple claims in BICHLER's name or a co-conspirator's name. In creating these accounts, BICHLER and his co-conspirators falsely and fraudulent claimed eligibility for unemployment benefits, even though as BICHLER and his co-conspirators knew, the named claimants were not eligible because they had no connection at that time to the state where the unemployment benefits were claimed, they had claimed unemployment benefits from another state for the same period, or were otherwise ineligible for the claimed unemployment benefits.

10. By falsely and fraudulently creating these unemployment benefit accounts, BICHLER and his co-conspirators thereby caused NY DOL and CA EDD to load benefit funds onto debit cards issued by Bank-1 and Bank-2 in the names of BICHLER and his co-conspirators. The addresses for these accounts, which were provided by BICHLER and his co-conspirators, were addresses controlled by BICHLER and his co-conspirators, which thereby caused Bank-1 and Bank-2 to send debit cards, via the United States mail, to BICHLER and his co-conspirators.

11. Throughout the scheme, the defendant ARON BICHLER and his co-conspirators continued fraudulently and falsely to certify the NY DOL and CA EDD

unemployment benefit accounts' eligibility for unemployment benefits, thereby causing NY DOL and CA EDD to continue to load benefit funds onto the debit cards.

12. The defendant ARON BICHLER, together with others, used the debit cards fraudulently obtained from NY DOL and CA EDD to withdraw U.S. currency from ATM machines in the Eastern District of New York and elsewhere.

13. The fraudulent scheme resulted in an actual loss amount of approximately $1,200,000 in fraudulent unemployment benefits distributed to the defendant ARON BICHLER and his co-conspirators between approximately May 2020 and April 2021.

COUNT ONE
(Conspiracy to Commit Mail, Wire and Bank Fraud)

14. The allegations contained in paragraphs one through 13 are realleged and incorporated as if fully set forth in this paragraph.

15. In or about and between May 2020 and April 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ARON BICHLER, together with others, did knowingly and intentionally conspire to:

(a) devise a scheme and artifice to defraud NY DOL and the CA EDD and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to cause mail matter and things to be delivered by one or more mail and private and commercial interstate carriers, according to the directions thereon, in relation to and involving benefits authorized, transported, transmitted, transferred, disbursed and paid in connection with, a presidentially declared emergency under the Stafford Act, to wit: the COVID-19 pandemic, contrary to Title 18, United States Code, Section 1341;

(b) devise a scheme and artifice to defraud NY DOL and the CA EDD and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce one or more writings, signs, signals, pictures and sounds, in relation to and involving benefits authorized, transported, transmitted, transferred, disbursed and paid in connection with a presidentially declared emergency under the Stafford Act, to wit: the COVID-19 pandemic, contrary to Title 18, United States Code, Section 1343; and

(c) execute a scheme and artifice to obtain moneys, funds, credits, assets, and other property owned by, and under the custody and control of one or more financial institutions, to wit: Bank-1 and Bank-2, by means of false and fraudulent pretenses, representations, and promises, contrary to Title 18, United States Code, Section 1344.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNTS TWO THROUGH FOUR
(Mail Fraud)

16. The allegations contained in paragraphs one through 13 are realleged and incorporated as if fully set forth in this paragraph.

17. In or about and between May 2020 and April 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ARON BICHLER, together with others, did knowingly and intentionally devise a scheme and artifice to defraud the NY DOL and the CA EDD and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, in relation to and involving benefits authorized, transported, transmitted, transferred, disbursed

and paid in connection with a presidentially declared emergency under the Stafford Act, to wit: the COVID-19 pandemic.

18. For the purpose of executing such scheme and artifice and attempting to do so, the defendant ARON BICHLER, together with others, did cause mail matter and things to be delivered by one or more mail and private and commercial interstate carriers, according to the directions thereon, as set forth below:

| Count | Approximate Date | Description |
| --- | --- | --- |
| TWO | July 20, 2020 | A debit card in the name of John Doe 1 from Bank-2 mailed to an address located within the Eastern District of New York |
| THREE | July 20, 2020 | A debit card in the name of John Doe 2 from Bank-2 mailed to an address located within the Eastern District of New York |
| FOUR | July 20, 2020 | A debit card in the name of Jane Doe 3 from Bank-2 mailed to an address located within the Eastern District of New York |

(Title 18, United States Code, Sections 1341, 2 and 3551 et seq.)

## COUNT FIVE
(Bank Fraud)

19. The allegations contained in paragraphs one through 13 are realleged and incorporated as if fully set forth in this paragraph.

20. In or about and between May 2020 and April 2021 both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ARON BICHLER, together with others, did knowingly and intentionally execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets, and other property owned by, and under the custody and control of one or more financial institutions, to wit: Bank-1 and Bank-2, by means of false and fraudulent pretenses, representations, and promises.

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

## COUNT SIX
### (Aggravated Identity Theft)

21. The allegations contained in paragraphs one through 13 are realleged and incorporated as if fully set forth in this paragraph.

22. In or about and between May 2020 and September 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ARON BICHLER, together with others, during and in relation to the crimes charged in Counts One through Five, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more persons, knowing that the means of identification belong to other persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(5), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

23. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and/or (b) Title 18, United States Code, Section 982(a)(2)(A), which requires any person convicted of such offense, to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

24. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (a)  cannot be located upon the exercise of due diligence;

   (b)  has been transferred or sold to, or deposited with, a third party;

   (c)  has been placed beyond the jurisdiction of the court;

   (d)  has been substantially diminished in value; or

   (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

  (Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A) and 982(b)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS TWO THROUGH FOUR

  25.  The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts Two through Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

  26.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (a)  cannot be located upon the exercise of due diligence;

   (b)  has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

  (Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT FIVE

  27. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Five, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2)(A), which requires any person convicted of such offense, to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

  28. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2)(A) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

s/
_____
FOREPERSON

By *David Pitluck, Asst. U.S. Attorney*
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK